O
JS-6

# United States District Court
# Central District of California

GEORGIA BAKER,

    Plaintiffs,

    v.

SUNRISE SENIOR LIVING, et al.,

    Defendants.

Case № 2:20-CV-07167-ODW (SKx)

**ORDER GRANTING MOTION TO REMAND [11]**

## I.    INTRODUCTION

Plaintiff Georgia Baker initiated this wrongful termination suit against Defendants Sunrise Senior Living Management, Inc.[1] and Herman Marquez in the Superior Court of California, County of Los Angeles. (Decl. of Hazel U. Poei Ex. A ("Compl."), ECF No. 1-2.) Defendants removed the action to this Court based on alleged diversity jurisdiction. (NOR ¶¶ 7–8.) Plaintiff moves to remand ("Motion"). (Mot. to Remand ("Mot."), ECF No. 11.) For the reasons discussed below, the Court finds that it lacks subject matter jurisdiction and consequently **REMANDS** this action to state court.[2]

---

[1] Sunrise asserts that Baker erroneously sued "Sunrise Senior Living." (Notice of Removal ("NOR") 1, ECF No. 1.)

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Sunrise operates an elderly residential care facility which provides assisted living for residents suffering from severe health conditions affecting memory. (Compl. ¶ 9.) In 2015, Sunrise hired and then promoted Baker to the position of executive director at Sunrise of Westlake Village, one of its California facilities. (Compl. ¶ 7.) In her capacity as executive director, Baker reported to Marquez, her supervisor and Regional Director of Operations. (*See* Compl. ¶¶ 11, 14–29.) Baker alleges Defendants wrongfully terminated her employment because, among other reasons, she "disclosed to Defendants, and threatened to disclose to the state, information that related to violations or noncompliance with state or federal laws." (Compl. ¶ 75.)

As a result of her allegedly wrongful termination, Baker filed this suit bringing three causes of action against both Sunrise and Marquez, and an additional three causes of action against only Sunrise. (*See* Compl.) Baker and Marquez are citizens of California. (NOR ¶¶ 12, 19.) Sunrise is a Delaware corporation with its principle place of business in Virginia. (NOR ¶ 17.) Defendants removed the action to this Court on the basis of alleged diversity jurisdiction, arguing that Marquez is fraudulently joined and his citizenship should be disregarded. (NOR ¶¶ 1–6, 19–27.) Baker moves to remand for lack of subject matter jurisdiction. (Mot.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where a claim arises from federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. As there is a strong presumption against removal

jurisdiction, federal courts must reject jurisdiction if a defendant does not meet their burden of establishing the "right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Where a defendant invokes diversity of citizenship as the basis of the court's subject matter jurisdiction, as Defendants have done, the Supreme Court has consistently held 28 U.S.C. § 1332 requires complete diversity. *E.g. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The presence of a defendant from the same state as a plaintiff deprives federal courts of original diversity jurisdiction. *Id.*

## IV.   DISCUSSION

Defendants assert the amount in controversy exceeds $75,000, and complete diversity exists. (NOR ¶¶ 10, 19.) As the parties do not dispute that Baker and Marquez are California citizens, (Compl. ¶¶ 1–3; NOR ¶¶ 12, 14, 19; Mot. 2), Baker contends her common citizenship with Marquez precludes complete diversity and therefore destroys this Court's subject matter jurisdiction over the matter, (Mot. 2, 3). In opposition, Defendants argue the Court should disregard Marquez's citizenship because he is fraudulently joined. (NOR ¶ 19; Opp'n to Mot. ("Opp'n") 6, ECF No. 12.)

District courts may disregard the citizenship of defendants who have been fraudulently joined for the purposes of assessing complete diversity. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). A fraudulently joined defendant is one against whom the plaintiff "fails to state a cause of action . . . and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). However, "there is a general presumption against fraudulent joinder." *Id.* It is not enough to show that a plaintiff

is unlikely to prevail on her claim; the defendant must show by clear and convincing evidence that there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare*, 889 F.3d at 548 (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)); *Hamilton Materials*, 494 F.3d at 1206; *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a [fraudulent] defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.").

Here, if Baker could possibly recover against Marquez on any single cause of action, Marquez is not fraudulently joined. *See Jacobson v. Swisher Int'l*, No. CV 20-01504-CJC (SKx), 2020 WL 1986448, at *4 (C.D. Cal. Apr. 27, 2020) (declining to consider plaintiff's remaining claims after finding there was a possibility that plaintiff could state a single claim against non-diverse defendant). As explained below, the Court finds Marquez is not fraudulently joined because Baker could possibly recover against Marquez on at least Baker's third cause of action, under California Labor Code section 1102.5. (*See* Compl. ¶¶ 70–80.) Defendants argue Baker could not possibly succeed on this cause of action against Marquez because (1) her claim is time-barred, and (2) section 1102.5 does not provide for individual liability. (Opp'n 8–11.) Defendants' arguments are unavailing.

**A.    Section 1102.5—Statute of Limitations**

Defendants first argue that Baker's claim under section 1102.5 is time-barred. (Opp'n 8.) Although section 1102.5 does not provide its own statute of limitation, courts have found that an action under section 1102.5 "must be brought within three years" pursuant to California Civil Procedure Code section 338(a). *Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 988 (N.D. Cal. 2016) (citing Cal. Civ. Proc. Code § 338(a) (providing that "[a]n action upon a liability created by statute, other than a penalty or forfeiture" must be brought within three years)); *see also* Cal.

Lab. Code § 1102.5. "However, if the suit seeks the civil penalty provided in [section] 1102.5(f), the claim is subject to a one-year limitations period." *Id.*; *see also Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 917 (E.D. Cal. 2017) (concluding that, although district courts to consider the issue have reached different conclusions, "claims based on [sections] 1102.5 and 1102.5(f) seek to redress different harms, [so] they implicate different types of primary rights, and give rise to separate and distinct causes of action").

Here, Baker seeks "general damages" under section 1102.5, (Compl. ¶¶ 70–80), and her prayer for relief requests only "compensatory damages," "attorneys' fees and costs," and "punitive damages or other penalties recoverable by law," (Compl. at 18). Baker does not mention civil penalties or section 1102.5(f). (*See* Compl.) Therefore, under California law, the three-year statute of limitations period applies to Baker's section 1102.5 claim. *Ayala*, 263 F. Supp. 3d at 917. As Baker filed her Complaint less than two years after Defendants terminated her employment, (*see* Opp'n 8), her section 1102.5 claim was filed within the applicable limitations period and is not time-barred, *see Ayala*, 263 F. Supp. 3d at 917.

### B.   Section 1102.5—Individual Liability

Defendants next argue Baker cannot possibly succeed against Marquez under section 1102.5 because that statute does not provide for individual liability. (NOR ¶¶ 19, 22; Opp'n 8–11.). However, current California law interpreting section 1102.5 is not so settled because, in 2014, the California legislature amended section 1102.5 by adding the following italicized language: "[A]n employer, *or any person acting on behalf of the employer*, shall not retaliate against an employee . . . ." *See Tan v. InVentiv Health Consulting Inc.*, CV 19-07512-CJC (ASx), 2019 WL 5485654, at *3 (C.D. Cal. Oct. 24, 2019) (quoting Cal. Lab. Code § 1102.5). Prior to this amendment, "there was little question that section 1102.5 precluded individual liability," but "[a]fter the amendment[], the plain language of section 1102.5 seems to

stretch itself to individual liability." *Id.* (internal quotation marks and citations omitted).

Post-amendment, California state courts are divided on whether section 1102.5 precludes individual liability. When interpreting state law, federal courts must look to the state's highest court. *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018). In the absence of decision from the highest court, "a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions," among other authorities. *See id.* Here, neither party identifies California Supreme Court or intermediate appellate court decisions on the issue, but both point to California trial court rulings for support. (*See* Decl. Brandon P. Ortiz ISO Mot. Ex. 1, ECF No. 11–1 (providing California Superior Court decisions holding that the 2014 amendment to section 1102.5 created individual liability); Opp'n 10–11 (citing California Superior Court decisions finding no individual liability exists under section 1102.5). The disparate conclusions of these courts demonstrate that the question of individual liability under section 1102.5 is far from "settled." And although not binding authority, the decisions Baker offers demonstrate that at least some California courts have found individual liability available under section 1102.5, thus opening the door to the *possibility* that Baker may recover against Marquez in his individual capacity.

Courts in this district are also divided on the question. *Compare Tan*, 2019 WL 5485654, at *3 (remanding after finding California law unsettled regarding individual liability under section 1102.5), *and De La Torre v. Progress Rail Servs. Corp.*, No. CV 15-4526-FMO (GJSx), 2015 WL 4607730, at *4 (C.D. Cal. July 31, 2015) (remanding after finding section 1102.5 ambiguous on the issue of individual liability), *with CTC Glob. Corp. v. Huang*, No. SACV 17-02202-AG (KESx), 2018 WL 4849715, at *4 (C.D. Cal. Mar. 19, 2018) (granting motion to dismiss under Rule 12(b)(6) standard after finding that "section 1102.5 precludes individual liability")). The Court need not resolve the question here, because Marquez is fraudulently joined

only if Baker's claim against Marquez "obvious[ly]" fails "according to the settled rules of the state." *See Hamilton Materials*, 494 F.3d at 1206. The conflicting district court holdings and the lack of binding state court authority demonstrate that the failure of Baker's section 1102.5 claim is far from obvious or settled.

Defendants have not met their burden to demonstrate that no possibility exists that Baker could recover against Marquez; therefore, the Court finds Marquez properly joined.[3] Marquez's presence in the action destroys diversity of citizenship and the Court's subject matter jurisdiction.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Baker's Motion to Remand. (ECF No. 11.) The Court **REMANDS** this action to the Superior Court for the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California 90012, Case No. 20STCV17809. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

December 23, 2020

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[3] As the Court determines that Marquez is not fraudulently joined based on Baker's section 1102.5 claim, it does not reach Baker's other claims. *See Jacobson*, 2020 WL 1986448, at *4 n.2.